EJ 023 665 556 US

THOMAS I. GAGE
P.O. Box 4210
WARREN, NJ 07059.
(908) 739-2695

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2019 NOV 14 P 3: 39

Date: November 12, 2019

### To: United State District Court

### For the District of New Jersey

Clerk's Office

Dear Mr. Walsh:

I enclosed for filing, a Complaint and its Exhibits from "A" to "M", and all, under the Common Law with three Summonses to be date and signed by your office and return them to be served to all the Defendants.

Also enclosed is my check # 1148 in the amount of $400 for the filing fee.

Kindly, file the enclosed Complaint.

Very truly yours,

Thomas I Gage

EJ 023 665 556 US

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2019 NOV 14  P 3: 38

| | | |
|---|---|---|
| Thomas I. Gage. | : | |
| | : | |
| Plaintiff. | : | |
| | : | Civil-Action No.: |
| vs. | : | |
| | : | |
| Preferred Contractors Insurance Company | : | **COMPLAINT** |
| Risk Retention Group LLC.; | : | |
| | : | **Common-law tort claim.** |
| Golden State Claim Adjusters, Inc. | : | |
| And | : | And |
| Affordable Insurance Group, Inc. | : | **Claim Under Statutory law.** |
| | : | |
| Defendants. | : | |
| | : | **Jury Trial Demanded** |

---

**Filed according of the foundation rules of a court of record, under the common law.**

---

Pro-per Plaintiff, Thomas I. Gage hereby files this Complaint against the Defendants Preferred
Contractors Insurance Company Risk Retention Group LLC; Golden state claim adjusters, Inc;
Affordable Insurance Group, Inc., and states as follows:

Pro-per, Thomas I. Gage

P.O. Box 4210

Warren, NJ 07059

Email: thomasgage63@aol.com

1

EJ 023 665 556 US

## INTRODUCTION

This action, pursuant to Plaintiff's **Amendment VII**, in suits at common law, Plaintiff preserves his right to have the Defendants' wrong doing examined and tried by a jury of peers, all according to the rules of the common law.

> **Amendment VII**: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law."

Moreover, the pleading in Plaintiff's Complaint are supported by case law:

*Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)* "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment. "process." *Pino v. Bank of New York, 57 So. 3d 950, 954 (Fla. 4th DCA 2011)*.

The Defendants are found to have acted in bad faith and are liable for damages in excess of the policy limits, including liability for judgments in excess of the policy's limits, statutory penalties, interest, emotional distress, consequential economic losses, attorneys' fees, and punitive damages and not limit to solely with regard to Plaintiff's actual losses are, but also with regard to the Plaintiff's wealth.

2

EJ 023 665 556  US

## COURT JURISDICTION AND VENUE

### Applicability of statutory and common law.

1.  This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C § 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2.  This Honorable Court has subject-matter jurisdiction due to the amount in controversy exceeds $75,000 and the parties are "diverse" in citizenship and state of incorporation.

3.  Further, In 28 U.S.C § 1337, federal courts will have original jurisdiction to hear all cases concerning a Congressional Act which regulates commerce.

4.  Venue is proper in the District of New Jersey pursuant to 28 U.S.C § 1391.

### The Parties

5.  Plaintiff owns Virtue Builders, Inc., a corporation duly existing under and by virtue of laws of the State of New Jersey with its principal place of business in Scotch Plains, New Jersey.

6.  Defendant, Preferred Contractors Insurance Company Risk Retention Group LLC ("PCIC"), is a limited liability company with administrative office located at 27 Nord 27th Street, Suite 1900, Billings, Montana 59101.

7.  Defendant, Golden state claim adjusters, Inc. ("Golden State"), is a California corporation, with administrative office located at 3256 Grey Hawk Court, Carlsbad, California 92010.

8.  Defendant, Golden state is the claims administrator for Defendant PCIC.

9.  Defendant, Affordable Insurance Group, Inc., is the independent agent who sold to Plaintiff the Commercial General Liability policy: No. PAC5026-PC313740, with his office located at 378 Cherokee Ave, Roseburg, OR 97471.

3

EJ 023 665 556  US

## **FACTUAL BACKGROUND**

10. Plaintiff is an individual who independently owns, run, and operates a small business in New Jersey.

11. Plaintiff's business is called Virtue Builders, Inc.

12. Virtue Builders, Inc., specializes in, inter alia, home improvement.

13. It's alleged that the State's law requires home improvement contractors to be registered with the New Jersey Consumer affairs Department for the purposes of proof of Commercial General Liability policy.

14. Due to State's law, Virtue Builders, Inc., is register with the New Jersey Division of Consumer Affairs as home improvement contractor and the registration is active and in good standing.

15. Pursuant to state law, Plaintiff purchased PCIC policy for his business, trough Defendant Affordable Insurance Group, Inc. See Exhibit "A" Commercial General Liability policy: No. PAC5026-PC313740.

16. Plaintiff made timely payments of premiums and fulfilled all obligations under the Policy that is dated 05/19/2019 to 05/19/2020.

17. On or about July 17, 2019, here in NJ, we had an unexpected heavy rainstorm and it happened during a Plaintiff's business ongoing construction of a retaining wall that came down due to the fact that was not yet complete as it had been designed by the engineer.

18. On July 18, 2019, Plaintiff contacted by email Defendant Affordable Insurance Group, Inc., requesting to send someone from the insurance to assess the situation, but none show up. See exhibit "D"

4

EJ 023 665 556 US

19. On July 24, 2019, Plaintiff received an email from Gustavo Lopez, a senior Claims Specialist from Defendant Golden state claim adjusters, Inc. See Exhibit "E"

20. As proven by the hereto attached exhibits of emails conversation, Plaintiff have provided the Defendants with undeniable proof by forensic evidence of damage, which is believed to be covered under the Plaintiff Commercial General Liability policy: No. PAC5026-PC313740.

21. Negligently, on August 20, 2019, Defendant Golden state claim adjusters, Inc., by way of a certified mail letter, denied Plaintiff's Claim #PR009850.

22. As proven by the exhibits, among many others attempts Plaintiff served the Defendants with the final letter of "Demand". See hereto Exhibits "L" and "M"

23. Defendant Golden State simply disclaimed coverage for Plaintiff's loss by concluding that was denied solely upon the policy language.

24. Since, Defendant Golden State's letter of "Denied-Claim", lacks of knowledge of the facts and since no one came to the jobsite to verify the damage and to check what caused the damage, which is absurd and unacceptable, hereby, on this day, pursuant by both statutory and tort claims, Plaintiff files this Complaint against the Defendants Preferred Contractors Insurance Company Risk Retention Group LLC; Golden state claim adjusters, Inc; Affordable Insurance Group, Inc., on the following **COUNTS**:

## COUNT I

### 25. **BREACH OF CONTRACT**

26. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

5

EJ 023 665 556 US

27. Plaintiff has full complied with all the terms and conditions of the Insurance Policy.

28. At the time of the damage in question, Plaintiff's business was an insured under the Insurance Policy.

29. Defendants have failed to objectively and fairly evaluate Plaintiff's claim.

30. Defendants have failed to reasonable and properly investigate Plaintiff's claim.

31. As an insured under the Insurance Policy, Defendants owed Plaintiff a fiduciary, contractual, and statutory obligation to properly investigate, evaluate and negotiate.

32. Defendants have failed to follow the company's established investigation procedures.

33. Defendants have failed to hire a qualified structural engineer due to the fact that the claim involves structural damage.

34. Defendants have failed to document why an engineer was not needed.

35. Defendants have failed to make sure to interview witnesses.

**WHEREFORE**, Plaintiff, Thomas I. Gage, respectfully request that this Honorable Court by way of Plaintiff's peer of jury, grant judgment in his favor and against Defendants, Preferred Contractors Insurance Company Risk Retention Group LLC., Golden State Claims Adjuster, and Affordable Insurance Group, Inc., in amount in excess of $75,000.00, together with interest, costs, fees and punitive damages.

### 36. COUNT II

### 37. **BAD FAITH (NJ. 17B:30-13.1. Unfair claim settlement practices)**

38. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

EJ 023 665 556 US

39. In an action arising under an insurance policy, the Plaintiff's court may, pursuant to New Jersey's Insurance Bad Faith Stature, **17B:30-13.1. Unfair claim settlement practices**, take all of the following actions if it's find that the insurer has acted in bad faith toward the insured:

a. Misrepresenting pertinent facts or insurance policy provisions relating to coverage.

b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

d. Refusing to pay claims without conducting a reasonable investigation based upon all available information.

e. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

f. Compelling the Plaintiff to institute litigation to recover amounts due under his insurance policy.

g. Delaying the investigation and payment of claim.

h. Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

i. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a clam.

EJ 023 665 556 US

**WHEREFORE**, Plaintiff, Thomas I. Gage, respectfully request that this Honorable Court by way of Plaintiff's peer of jury, grant judgment in his favor and against Defendants, Preferred Contractors Insurance Company Risk Retention Group LLC., Golden State Claims Adjuster, and Affordable Insurance Group, Inc., in amount in excess of $75,000.00, together with interest, costs, fees and punitive damages.

## COUNT III

## COMMON LAW TORT

40. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

41. In an action arising under an insurance policy, the court may, pursuant to Common Law Tort. "By law, in any state, the insurance company owes its insured a duty to act in good faith".

42. The Defendants failed their obligation to investigate the claim and to pay for it and doing so it constituted an act of *bad faith*.

43. Therefore, Plaintiff is suing Defendants for their undue delay in handling claims, inadequate investigation, refusing to make a reasonable settlement offer, and of making unreasonable interpretations of the insurance policy.

44. The Plaintiff's court, may take all of the following actions if it's find that the insurer has acted in bad faith toward the insured:

   **a.** Unwarranted denial of coverage

   **b.** Failure to communicate pertinent information to the claimant

   **c.** Failure to conduct a reasonable investigation of the claim

8

EJ 023 665 556 US

**d.** Failure to pay the claim within a reasonable period of time

**e.** Failure to attempt to come to a fair and reasonable settlement when liability is clear

**f.** Failure to promptly provide a reasonable explanation for denial of a claim

**g.** Failure to enter into any negotiations for settlement of the claim

**h.** Failure to respond to a time-limit demand

**i.** Failure to disclose policy limits

**WHEREFORE**, Plaintiff, Thomas I. Gage, respectfully request that this Honorable Court by way of Plaintiff's peer of jury, grant judgment in his favor and against Defendants, Preferred Contractors Insurance Company Risk Retention Group LLC., Golden State Claims Adjuster, and Affordable Insurance Group, Inc., in amount in excess of $75,000.00, together with interest, costs, fees and punitive damages.

## COUNT IIII

### <u>COMMON LAW - NEGLIGENCE</u>

45. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

46. The defendants have a duty to the plaintiff.

47. An insurer cannot reasonably and in good faith deny payments to its insured without thoroughly investigating the foundation for its denial.

48. The undisputed Exhibits, the "evidence" are proof that the Defendants failed to properly investigate plaintiff's claim.

EJ 023 665 556 US

49. The Defendants breached their duty by failing to conform to the required standard of conduct, and therefore, the defendant's negligent conduct is the cause of the harm to the Plaintiff's business.

50. Hence, supported by the "evidences" this Honorable court may instruct the Plaintiff's jury that a breach of the implied covenant of good faith and fair dealing has been established.

**WHEREFORE**, Plaintiff, Thomas I. Gage, respectfully request that this Honorable Court by way of Plaintiff's peer of jury, grant judgment in his favor and against Defendants, Preferred Contractors Insurance Company Risk Retention Group LLC., Golden State Claims Adjuster, and Affordable Insurance Group, Inc., in amount in excess of $75,000.00, together with interest, costs, fees and punitive damages.

## COUNT IV

### NEGLIGENT PER SE

51. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

52. Defendant's' "Denied-Claim" violates a statutes law and State regulation.

53. **2013 New Jersey Revised Statutes Title 17B - INSURANCE**

54. The Plaintiff's court, may take all of the following actions, pursuant to **17B:30-13.1.**

   **Unfair claim settlement practices,** if it's find that the insurer has acted in bad faith toward the insured:

EJ 023 665 556 US

55. No person shall engage in unfair claim settlement practices in this State. Unfair claim settlement practices which shall be unfair practices as defined in N.J.S. 17B:30-2, shall include the following practices:

56. Committing or performing with such frequency as to indicate a general business practice any of the following:

    a.   Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

    b.   Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

    c.   Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

    d.   Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    e.   Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

    f.   Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

    g.   Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

    h.   Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

11

EJ 023 665 556 US

   i.  Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of the insured;

   j.  Making claims payments to insureds or beneficiaries not accompanied by statement setting forth the coverage under which the payments are being made;

   k.  Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

   l.  Delaying the investigation or payment of claims by requiring an insured, claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

   m.  Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

   n.  Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement. L.1975, c. 101, s. 1.

57. Defendants are strict liability.

**WHEREFORE**, Plaintiff, Thomas I. Gage, respectfully request that this Honorable Court by way of Plaintiff's peer of jury, grant judgment in his favor and against Defendants, Preferred Contractors Insurance Company Risk Retention Group LLC., Golden State Claims Adjuster, and Affordable Insurance Group, Inc., in amount in excess of $75,000.00, together with interest, costs, fees and punitive damages.

EJ 023 665 556  US

## COUNT V

### SATTUTORY PENALITIES

58. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

59. Defendant's' "Denied-Claim" violates a statutes law and State regulation.

60. **2013 New Jersey Revised Statutes Title 17B - INSURANCE**

61. The Plaintiff's court, may take all of the following actions, pursuant to **17B:30-13.1. Unfair claim settlement practices,** if it's find that the insurer has acted in bad faith toward the insured:

62. No person shall engage in unfair claim settlement practices in this State. Unfair claim settlement practices which shall be unfair practices as defined in N.J.S. 17B:30-2, shall include the following practices:

63. Committing or performing with such frequency as to indicate a general business practice any of the following:

    a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

    b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

    c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

    d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

13

EJ 023 665 556  US

e. Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

g. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

h. Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

i. Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of the insured;

j. Making claims payments to insureds or beneficiaries not accompanied by statement setting forth the coverage under which the payments are being made;

k. Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

l. Delaying the investigation or payment of claims by requiring an insured, claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

EJ 023 665 556 US

    m. Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

    n. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement. L.1975, c. 101, s. 1.

64. Defendants are strict liability.

**WHEREFORE**, Plaintiff, Thomas I. Gage, respectfully request that this Honorable Court by way of Plaintiff's peer of jury, grant judgment in his favor and against Defendants, Preferred Contractors Insurance Company Risk Retention Group LLC., Golden State Claims Adjuster, and Affordable Insurance Group, Inc., in amount in excess of $75,000.00, together with interest, costs, fees and punitive damages.

## COUNT VI

### EMOTIONAL DISTRESS

65. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

66. The defendants have a duty to the plaintiff.

67. Defendant's' "Denied-Claim" violates their duty.

68. Defendants cannot reasonably and in good faith deny payments to Plaintiff without thoroughly investigating the foundation for its denial.

69. The undisputed Exhibits, the "evidence" are proof that the Defendants failed to properly investigate plaintiff's claim.

EJ 023 665 556 US

70. The Defendants breached their duty by failing to conform to the required standard of conduct, and therefore, the defendant's negligent conduct is the cause of the Plaintiff's emotional distress and here Plaintiff brings a mental anguish lawsuit against the defendant for experienced significant sadness, anxiety and distress.

71. Hence, supported by the "evidences" this Honorable court may instruct the Plaintiff's jury that a breach of the implied covenant of good faith and fair dealing has been established.

**WHEREFORE**, Plaintiff, Thomas I. Gage, respectfully request that this Honorable Court by way of Plaintiff's peer of jury, grant judgment in his favor and against Defendants, Preferred Contractors Insurance Company Risk Retention Group LLC., Golden State Claims Adjuster, and Affordable Insurance Group, Inc., in amount in excess of $75,000.00, together with interest, costs, fees and punitive damages.

## COUNT VII

### ECONOMIC LOST

72. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

73. The defendants have a duty to the plaintiff.

74. Defendants cannot reasonably and in good faith deny payments to Plaintiff without thoroughly investigating the foundation for its denial.

75. The undisputed Exhibits, the "evidence" are proof that the Defendants failed to properly investigate plaintiff's claim.

76. The Defendants breached their duty by failing to conform to the required standard of conduct, and therefore, the defendant's negligent conduct is the cause of economic loss to the Plaintiff's business.

16

EJ 023 665 556 US

77. Hence, supported by the "evidences" this Honorable court may instruct the Plaintiff's jury that a breach of the implied covenant of good faith and fair dealing has been established.

**WHEREFORE**, Plaintiff, Thomas I. Gage, respectfully request that this Honorable Court by way of Plaintiff's peer of jury, grant judgment in his favor and against Defendants, Preferred Contractors Insurance Company Risk Retention Group LLC., Golden State Claims Adjuster, and Affordable Insurance Group, Inc., in amount in excess of $75,000.00, together with interest, costs, fees and punitive damages.

### COUNT VII
### FRAUD

78. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

79. The defendants have a duty to the plaintiff.

80. Defendants misrepresented pertinent facts of Plaintiff's insurance policy provisions relating to coverage issue.

81. The Plaintiff's court, may take actions, pursuant to fraud.

82. As per exhibits "J" and "K", shows that a pattern of at least two investigations that both have determinate that Defendants "engaged in an unlawful combination, or conspiracy" and "PCIC to be in hazardous financial condition."

83. The pattern of Defendants' unlawfully activities could well be related in some way to Plaintiff's case as motive of denying Plaintiff's claim.

84. The legal action taken against Defendant PCIC on 2014, by the office of the Commissioner of Securities and Insurance of Montana, Case No. Ins-2013-232, need to be investigate in

EJ 023 665 556  US

this case. See Exhibit "K": "the Commissioner considers PCIC to be in hazardous financial condition."

**WHEREFORE**, Plaintiff, Thomas I. Gage, respectfully request that this Honorable Court by way of Plaintiff's peer of jury, grant judgment in his favor and against Defendants, Preferred Contractors Insurance Company Risk Retention Group LLC., Golden State Claims Adjuster, and Affordable Insurance Group, Inc., in amount in excess of $75,000.00, together with interest, costs, fees and punitive damages.

**COUNT VIII**
**COMMON LAW- FRAUD**

85. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

86. The defendants have a duty to the plaintiff.

87. Defendants misrepresented pertinent facts of Plaintiff's insurance policy provisions relating to coverage issue.

88. The policy that was sold to Plaintiff would not meet the requirements for Plaintiff' business State registration of Home Improvement Contractor, which obliged the Plaintiff to purchase a policy. N.J.A.C. 13:45A-17.12. See Exhibit "B" State Law.

89. Plaintiff was misled and defrauded, due to the fact that the policy that was sold to him does not meet the requirements of the purpose for which was purchased.

90. Plaintiff have no knowledge of the alleged policies exclude coverage for critical mistakes, "property damage" "my product" and "Property damage" and further for "property damage" caused by earth movement of any kind.

EJ 023 665 556  US

**WHEREFORE**, Plaintiff, Thomas I. Gage, respectfully request that this Honorable Court by way of Plaintiff's peer of jury, grant judgment in his favor and against Defendants, Preferred Contractors Insurance Company Risk Retention Group LLC., Golden State Claims Adjuster, and Affordable Insurance Group, Inc., in amount in excess of $75,000.00, together with interest, costs, fees and punitive damages.

**COUNT IX**

**COMPENSATION UNDER THE POLICY**

91. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

92. The defendants have a duty to the plaintiff.

93. The policy that was sold to Plaintiff must meet the requirements for Plaintiff' business State registration of Home Improvement Contractor, N.J.A.C. 13:45A-17.12. See Exhibit "B" State Law.

94. Controversy exists as to the coverage of the policy of insurance and the rights and obligations of the parties pursuant to the provision of said policy.

95. Hence, supported by the "evidences" this Honorable court may instruct the Plaintiff's jury that a breach of the implied covenant of good faith and fair dealing has been established.

**WHEREFORE**, Plaintiff, Thomas I. Gage, respectfully request that this Honorable Court by way of Plaintiff's peer of jury, grant judgment in his favor and against Defendants, Preferred Contractors Insurance Company Risk Retention Group LLC., Golden State Claims Adjuster, and Affordable Insurance Group, Inc., in amount in excess of $75,000.00, together with interest, costs, fees and punitive damages.

EJ 023 665 556 US

## COUNT X

### **PUNITIVE DAMAGES**

96. Plaintiff hereby incorporates the preceding paragraphs by reference as if set forth at length herein.

97. The defendants have a duty to the plaintiff.

98. Defendant's' "Denied-Claim" violates their duty own to Plaintiff, statutes law and State regulation.

99. Defendants cannot reasonably and in good faith deny payments to Plaintiff without thoroughly investigating the foundation for its denial.

100. The undisputed Exhibits, the "evidence" are proof that the Defendants failed to properly investigate plaintiff's claim.

101. The Defendants breached their duty by failing to conform to the required standard of conduct, and therefore, the Defendant's negligent conduct is the cause of the harm to the Plaintiff and his business.

102. Hence, supported by the Exhibits "evidences" this Honorable court may instruct the Plaintiff's jury that a breach of the implied covenant of good faith and fair dealing has been established and therefore to act on Defendants 'outrageous conduct for which is the cause of action, eligible for punitive damages.

**WHEREFORE**, Plaintiff, Thomas I. Gage, respectfully request that this Honorable Court by way of Plaintiff's peer of jury, grant judgment in his favor and against Defendants, Preferred Contractors Insurance Company Risk Retention Group LLC., Golden State Claims Adjuster, and Affordable Insurance Group, Inc., in amount in excess of $75,000.00, together with interest, costs, fees and punitive damages.

EJ 023 665 556 US

## **JURY DEMAND**

103.  Pursuant to Rule 38 (b) of Federal Rules of Civil Procedure, in accordance to Plaintiff's

**Amendment VII**, in suits at common law, Plaintiff demands  trial by jury of peers and

preserves his right to have the Defendants' wrong doing examined and tried by a jury of

peers, all according to the rules of the common law.

> **Amendment VII**: "In suits at common law, where the value in controversy shall
> exceed twenty dollars, the right of trial by jury shall be preserved, and no fact
> tried by a jury, shall be otherwise reexamined in any court of the United States,
> than according to the rules of the common law."

## **AFFIDAVIT OF TRUTH**

Plaintiff not a "lawyer", but one of the PEOPLE, who believes that is exercising his rights
GRANTED 1st Amendment, 4th Amendment, 7th Amendment and 14th Amendment, and
who does not belong to, any association law Bar and who does not understands most of the
rules of this court and the technicality how to file a Complaint, Answers or any other paper.
Plaintiff is doing the best that he can and the papers that he submitted, is his best, since
Plaintiff's English is not a 100 %
Therefore, I, Thomas I. Gage (Plaintiff) reserve all my Rights and the right to supplement
and amend any papers as investigation and discovery continue.

I swear under penalty of perjury, that the foregoing is true and correct to the best of my

knowledge and belief.

Respectfully executed this 12th day of November, in the year of Our Lord, 2019.

All Rights Reserved and retained without prejudice,
without dishonor and without recourse.

BY: _____ ,
Pro-per Plaintiff, Thomas I. Gage