**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS I. GAGE,<br><br>                Plaintiff,<br><br>      v.<br><br>PREFERRED CONTRACTORS<br>INSURANCE COMPANY RISK<br>RETENTION GROUP LLC *et al.*,<br><br>                Defendants. | Civil Action No. 19-20396 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on Defendants Preferred Contractors Insurance Company Risk Retention Group LLC and Golden State Claims Adjusters, Inc.'s ("Defendants") Motion to Dismiss pro se Plaintiff Thomas I. Gage's ("Gage") Second Amended Complaint and Defendant Affordable Insurance Group's ("AIG") crossclaim for indemnification. (ECF No. 30.) Gage opposed the Motion to Dismiss (ECF No. 32), and Defendants replied (ECF No. 36). Additionally, AIG filed correspondence indicating that its prior Motion to Dismiss applies to Gage's Second Amended Complaint. (ECF No. 35.)[1] The Court has carefully considered the parties' submissions and decides the motion without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motion.

---

[1] The Court did not consider AIG's prior motion to dismiss because it dismissed the operative complaint while AIG's motion was still pending.

I.  **BACKGROUND**

The parties are familiar with the factual background of this matter, and the Court adopts the facts from its August 31, 2020 Memorandum Opinion. *See Gage v. Preferred Contractors Ins. Co.*, No. 19-20396, 2020 WL 5107351, at *1 (D.N.J. Aug. 31, 2020), ECF No. 13. In that Opinion, the Court dismissed without prejudice Gage's breach-of-contract claim because his Complaint "fail[ed] to allege that Defendants breached" the contract. *See id.* at *3 (further noting that Gage's Complaint "fail[ed] to point to a specific provision which Defendants breached" (citing *Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 459-60 (D.N.J. 2009))). Since that Opinion, Gage has twice amended. (*See* First Am. Compl., ECF No. 15; Second Am. Compl., ECF No. 27.) As to Gage's First Amended Complaint, the Court dismissed it because, among other reasons, the "factual presentation [was] largely unchanged from Plaintiff's original pleading" and because it still had not identified an applicable breach of contract. (*See* Order 1-2, ECF No. 26.) The Court then gave Gage "one final opportunity to file an amended complaint." (*Id.* at 3.)

II.  **DISCUSSION**

Before the Court is Defendants' Motion to Dismiss Counts I, II, and IV of Gage's Second Amended Complaint. Although AIG did not file a formal Motion to Dismiss the remaining Count III, the Court will consider AIG's prior motion to dismiss as applying to that count. The Court addresses each in turn.

   A.  **Defendants' Motion to Dismiss**

Gage's Second Amended Complaint raises claims against Defendants for compensation under the contract (Count I), breach of contract (Count II), and emotional distress (Count IV). (*See generally* Second Am. Compl.) The Second Amended Complaint, however, fares no better than the two prior ones. To start, the factual allegations are largely the same. (*Compare* Compl. ¶¶ 10-24, *and* Am. Compl. ¶¶ 10-25, *with* Second Am. Compl. ¶¶ 10-21, 24-26.) Gage's Second

2

Amended Complaint also still fails to allege a breach-of-contract claim against Defendants. It attempts to do so by attaching correspondence from homeowners, indicating that Gage may be sued for construction negligence. (*See* Second Am. Compl. Ex., Owner's Letter *15, ECF No. 27.)[2] According to Gage's Second Amended Complaint, Defendants breached the contract by failing to insure this yet-to-be-filed lawsuit. (*Id.* ¶¶ 30, 51.) But Defendants had no obligation to do so. The plain language of the contract provides that, subject to certain limitations, Defendants will defend and pay for "suit[s]" involving property damage. (*See* Matteoni Aff. Ex. A, Insurance Policy *10, ECF No. 8-2.) The contract defines "suit" as "a *civil proceeding*" alleging "'damages' because of 'bodily injury', 'property damage' or 'personal and advertising injury.'" (*Id.* at *42 (emphasis added).) Under the plain terms of the contract, Defendants must cover Gage only after a "civil proceeding" has been initiated. (*See id.*) Because Gage's Second Amended Complaint fails to allege any civil proceeding, it must be dismissed.[3]

Gage's other claims against Defendants—Compensation and Emotional Distress—are similarly dismissed. The Court is unaware of an independent cause of action in New Jersey for "Compensation," and, in all events, the allegations are substantially the same as Gage's breach-of-contract claim. (*Compare* Second Am. Compl. ¶¶ 23-32, *with id.* ¶¶ 33-52.) Likewise, settled law proscribes claims for emotional distress stemming from breaches of contract. *Skylapa*, 655 F. Supp. 2d at 461 ("[I]t is axiomatic that a plaintiff may not recover for emotional distress caused by a defendant's alleged breach of contract . . . ." (citation omitted)).

---

[2] Pages preceded by asterisks indicate the pagination atop the CM/ECF header.

[3] Further, as the Court noted in its June 29, 2021 order dismissing the First Amended Complaint, several exclusions bar Gage's claim coverage. (*See* Order 2 (finding that the Ongoing Operations Exclusion provision bars Gage's coverage).)

Because the Court was clear that the Second Amended Complaint was Gage's final opportunity to amend, the Court dismisses with prejudice. Any further amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that court has discretion to dismiss claims with prejudice when finding amendment would be futile (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))). Specifically, the Court finds amendment futile because Gage has thrice failed to allege any breach of contract against Defendants. The Court also dismisses with prejudice AIG's derivative crossclaim because that claim seeks indemnification from Defendants for Gage's claims. *See Barry-Wehmiller Design Grp., Inc. v. StorCon Sys., Inc.*, No. 14-1074, 2015 WL 13389784, at *2 (M.D. Pa. Mar. 2, 2015) (dismissing with prejudice derivative crossclaim because "no relief could be granted"); *Spear v. Fenkell*, No. 13-2391, 2015 WL 5005117, at *5-6 (E.D. Pa. Aug. 20, 2015) (dismissing with prejudice derivative crossclaims that "ha[d] no equitable indemnification remedy").

### B. AIG's Motion to Dismiss

That does not end the Court's inquiry, however, as Gage's Second Amended Complaint raises another claim for promissory estoppel (Count III) against AIG. To establish a claim for promissory estoppel, Gage must allege "(1) a clear and definite promise; (2) made with the expectation that the promisee will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment." *Filippelli v. Ingis*, No. A-2653-19, 2021 WL 5819135, at *3 (N.J. Super. Ct. App. Div. Dec. 7, 2021) (quoting *Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021)). Gage's Second Amended Complaint attempts to allege these elements by asserting that AIG promised that its insurance policy with Plaintiff's company complied with the "purpose[] of the State of New Jersey, Home [I]mprovements Act." (Compl. ¶ 55.)

This pleading falls short of what's necessary for the first and third prongs of promissory estoppel. As to the first prong, a clear and definite promise must be more than a party's "general

expectation" during contract negotiations. *See E. Orange Bd. of Educ. v. N.J. Schs. Const. Corp.*, 963 A.2d 865, 874-75 (N.J. Super. Ct. App. Div. 2009). Gage's Second Amended Complaint fails to rise above a "general expectation" because it does not allege the contours of the promise—much less who made the promise or what the "purpose[] of the State of New Jersey, Home [I]mprovements Act" means. *See, e.g., id.* at 874 (noting that, among other deficiencies, lack of specific promisor representation defeated promissory estoppel claim); *Doe v. Princeton Univ.*, 790 F. App'x 379, 386 (3d Cir. 2019) ("Given the aspirational nature of each alleged representation, none constitute an enforceable promise that can support a promissory estoppel claim."). For similar reasons, the Court finds that the Second Amended Complaint fails to plead reasonable reliance. That is especially so because it alleges a subsequent contract between Gage and AIG—presumably defeating any prior reliance on AIG's oral statements. *Cf. Goldfarb*, 245 A.3d at 577-78 (reasoning that promissory estoppel is "a departure from the classic doctrine of consideration" and rather that "the operative 'reliance is on a promise'" (citations omitted)). Should Gage amend, he should specifically allege how he relied on AIG's oral representations, separate from any reliance on the subsequently executed contract. *See Sync Labs LLC v. Fusion Mfg.*, No. 11-3671, 2016 WL 6802479, at *13 (D.N.J. Nov. 16, 2016) ("The first promise identified by [p]laintiff seems to be the same one memorialized in the [operative contract], making it an insufficient basis for a promissory estoppel claim."); *Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc.*, No. 11-2775, 2012 WL 762498, at *9 (D.N.J. Mar. 6, 2012) (finding promissory estoppel where plaintiff alleged reliance on conduct that was "separate from the [p]laintiff's breach of contract claim").

### III. <u>CONCLUSION</u>

The Court dismisses Counts I, II, and IV of Gage's Second Amended Complaint with prejudice as to all Defendants, including Defendant AIG. The Court further dismisses with prejudice AIG's derivative crossclaim. It dismisses without prejudice Count III. An appropriate order will follow this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

6