**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS I. GAGE,<br><br>    Plaintiff,<br><br>v.<br><br>PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP LLC *et al.*,<br><br>    Defendants. | Civil Action No. 19-20396 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on twin motions to dismiss pro se Plaintiff Thomas I. Gage's ("Gage") Third Amended Complaint from Defendants. The first is from Defendant Affordable Insurance Group ("AIG") (ECF No. 43); the second is from Defendants Preferred Contractors Insurance Company Risk Retention Group LLC ("Preferred Contractors") and Golden State Claims Adjusters, Inc. ("Golden State") (ECF No. 44). Gage opposed the motions (ECF No. 47), and Defendants replied (ECF No. 48, 49). The Court has carefully considered the parties' submissions and decides the motions without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motions and dismisses Gage's Third Amended Complaint with prejudice.

**I. BACKGROUND**

  The parties are familiar with the factual background of this matter, and the Court adopts the facts from its August 31, 2020, Memorandum Opinion and its January 7, 2022, Memorandum Opinion. *Gage v. Preferred Contractors Ins. Co.*, No. 19-20396, 2020 WL 5107351, at *1 (D.N.J.

Aug. 31, 2020), ECF No. 13; *Gage v. Preferred Contractors Ins. Co.* (*Gage II*), No. 19-20396, 2022 WL 88291, at *1 (D.N.J. Jan. 7, 2022), ECF No. 37. To recap: the Court last dismissed with prejudice all claims against Preferred Contractors and Golden State for failure to state plausible claims. *Gage II*, 2022 WL 88291, at *1-2 (noting, for example, that Gage's factual allegations remained virtually identical through three rounds of complaints). The Court also dismissed without prejudice the promissory estoppel claim against AIG for failure to allege a "clear and definite promise" and "reasonable reliance." *Id.* at *2.

In response, Gage filed his fourth try at a complaint. There, Gage provides "Notice to the Officers of the Court" that the Court's prior orders apparently violated his Seventh Amendment right to a jury trial. (*E.g.*, Third Am. Compl. ¶¶ 11-32, ECF No. 39.) Gage's Third Amended Complaint further adds no new facts to substantiate his promissory estoppel claim against AIG— although it does allege that AIG violated moral obligations purportedly owed to Gage. (*See id.* ¶¶ 39-40.) And, trudging on, the Third Amended Complaint names Preferred Contractors and Golden State as defendants, even though the Court dismissed with prejudice those parties. (*Id.* ¶¶ 7-9.) The instant motions ensued.

## II.   DISCUSSION

Before the Court are Defendants' Motions to Dismiss Gage's Third Amended Complaint. The Court addresses each Motion in turn.

### A.   Preferred Contractors and Golden State's Motion to Dismiss

The Court dismissed with prejudice the claims against Preferred Contractors and Golden State in its January 7, 2022, Order. (ECF No. 38.) It dismissed because the Second Amended Complaint failed to allege sufficient facts supporting its legal claims for relief. *Gage II*, 2022 WL 88291, at *1-2 (reasoning that Gage's Second Amended Complaint did not allege an actionable breach for its breach-of-contract claim and did not assert that "Compensation and Emotional

2

Distress" were recognized causes of action). The Court's Order thus served as a final adjudication on the merits; Gage can no longer assert claims in this action against Preferred Contractors and Golden State. To be sure, Gage's Third Amended Complaint does not allege causes of action against Preferred Contractors and Golden State. To the extent that the Third Amended Complaint alleges conduct against the pair, the Court reiterates that any claims are dismissed with prejudice.

B.     **AIG's Motion to Dismiss**

Turning to the promissory estoppel claim, the Court dismisses that claim with prejudice. As noted in its prior Memorandum Opinion, plaintiffs asserting promissory estoppel must allege "a clear and definite promise" and "reasonable reliance." *Filippelli v. Ingis*, No. A-2653-19, 2021 WL 5819135, at *3 (N.J. Super. Ct. App. Div. Dec. 7, 2021) (quoting *Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021)). Gage's Third Amended Complaint does neither. It does not allege any facts as to what promise AIG made to Gage or how Gage relied on that promise. In fact, the Third Amended Complaint largely defeats itself by alleging that AIG owed a moral obligation to Gage. *See id.* at *4 ("Promises or contracts made on the basis of mere love and affection, unsupported by a pecuniary or material benefit, create at most bare moral obligations, and a breach thereof presents no cause for redress by the courts." (quoting *Cockrell v. McKenna*, 134 A. 687, 688 (N.J. 1926))).

Gage has now had four bites at the apple to state a claim and each time has come up well short. Any further amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that court has discretion to dismiss claims with prejudice when finding amendment would be futile (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))). The Court further notes that this action represents yet another by Gage in this District that has been dismissed with prejudice as futile. *See Gage v. N.J. Dep't of Env't Prot.*, No. 21-10763, 2022 WL 254599, at *1 n.1 (D.N.J. Jan. 27, 2022) (listing at least fifteen other non-meritorious actions).

### III.  CONCLUSION

The Court dismisses the Third Amended Complaint with prejudice against all Defendants. An appropriate order will follow this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE